FILED
NOV 20 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. **4:19CR00960 AGF/NAB** |
| HAMMED AKANDE, | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT 1

(Conspiracy to Commit Mail Fraud and Wire Fraud)

The Grand Jury charges:

**A.   Introduction**

1. Fraud schemes in which a perpetrator pretends to possess romantic intentions towards a victim in order to gain their affection, and entice them to send money and merchandise on the perpetrator's behalf, are known as "*Romance Scams*."

2. Victims are lured into the scams when the perpetrators use aliases and stolen photographs to create online dating profiles and social media accounts. The scammers claim to be in the military or working overseas to explain their inability to meet in person and to use video communication programs.

3. After grooming their victims, scammers create financial hardship scenarios necessitating requests for financial assistance. They will ask their victim to send money or

merchandise, and conduct financial transactions on their behalf. Travel costs, airfare to meet the victims, and income tax liabilities are frequently used scenarios to solicit money from the victims.

4. Romance scammers enlist others to avoid detection by law enforcement and concerned family members. One role that others play is that of a "*mule*." A "mule" is a person who receives the fraudulently obtained money and merchandise on behalf of the scammer, and forwards the proceeds to the scammer. A mule can be a witting participant or a victim used to funnel proceeds to another mule.

5. Defendant resided in St. Louis County, Missouri between January 1, 2017 and the present. While his mailing address is 312 Tacoma Drive, St. Louis, Missouri, he resides at 1545 Hollywood Lane, Florissant, Missouri.

6. On or about August 27, 2019, through the internet dating site "Our Time," M.C., a St. Louis, Missouri resident over the age of 60, became involved in an online relationship with a person who assumed the identity of a male Colorado resident named L.T.

7. Through text messages and electronic mail communications, M.C.'s romantic interest, the false L.T., informed her that he needed financial assistance with a business enterprise taking place in Ukraine, and asked M.C. to send funds through MoneyGram and electronic bank transfers to him. M.C. began to provide the funds on September 4, 2019.

8. On September 30, 2019, M.C. learned that she was not involved in a relationship with the real L.T. From the real L.T., M.C. learned that L.T. had been the victim of a romance scam by a woman named "Becky," and that L.T. had followed "Becky's" instructions in withdrawing the funds M.C. deposited into L.T.'s bank account. After obtaining the funds, L.T. was instructed to place the currency between the pages of a book and mail the book to an individual residing in New Jersey.

9. When M.C. confronted her romantic interest, the false L.T., he advised her that his true name was "Mark Lorenzo." In apologizing for his deception, "Mark Lorenzo," hereinafter referred to as "Lorenzo," claimed that other than his name, and that he was from Kenya, everything else he told M.C. was true. Lorenzo said he had left Kenya on September 11, 2019, for Ukraine to work on the business project they had discussed previously.

10. Lorenzo continued to ask M.C. to send money and electronic devices such as cellphones and laptops to various addresses in names other than Lorenzo. He informed M.C. that the electronic devices would be sold in Dubai for much larger sums to help pay the various taxes and fees related to his business enterprise in Ukraine.

11. Throughout their online relationship, the individual using the name "Mark Lorenzo" advised M.C. to mail packages containing cellphones and cash to 312 Tacoma Drive, St. Louis, Missouri in names other than Lorenzo.

12. In reliance on the false representations made by Lorenzo, M.C. mailed packages containing cellphones and cash to 312 Tacoma Drive as directed by Lorenzo.

13. Defendant retrieved the packages from 312 Tacoma Drive, and removed the cellphones and cash from the mailers.

14. On November 1, 2019, the cellphones mailed by M.C. to 312 Tacoma Drive were discovered in defendant's residence at 1545 Hollywood Lane, Florissant, Missouri.

15. During the course of their online relationship, M.C. sent money, prepaid debit cards, and electronic devices to individuals at Lorenzo's behest in excess of $30,000.00.

**B.  Conspiracy**

16. Beginning on or about August 27, 2019, and continuing to on or about November 4, 2019, in the Eastern District of Missouri and elsewhere, the defendant,

3

**HAMMED AKANDE,**

and persons, known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other and persons, known and unknown to the Grand Jury, to commit the following offenses against the United States:

  a. to use the mails, and private and commercial interstate carriers, in executing, and attempting to execute, a scheme and artifice to defraud in violation of Title 18, United States Code, Section 1341;

  b. to use a false, fictitious, and assumed name to engage in a mail fraud scheme in violation of Title 18, United States Code, Section 1342; and,

  c. to transmit and cause to be transmitted by means of wire communications in interstate commerce, any sounds and signals for the purpose of knowingly executing and attempting to execute, a scheme and artifice in violation of Title 18, United States Code, Section 1343.

B.   **Ways, Manner, and Means of the Conspiracy**

It was a part of the conspiracy that the defendant and persons, unknown to the Grand Jury, would by deceit, craft, trickery and dishonest means, defraud profit from third parties by inducing them to believe that they were in a romantic relationship.

17. The primary purpose of the conspiracy was for the defendant and persons, unknown to the Grand Jury, to profit from fraudulent representations that M.C. was in a romantic relationship with an individual who lived and worked abroad.

18. It was further part of the conspiracy that persons unknown to the Grand Jury electronically transmitted instructions to M.C. requesting that she mail cash, prepaid debit cards, and cellphones to 312 Tacoma Drive, St. Louis, Missouri and other addresses.

4

19. It was further part of the conspiracy that the defendant accepted delivery of the packages containing cash, prepaid debit cards, and electronic devices in the names of other individuals.

20. It was further part of the conspiracy that defendant transported the illegally obtained electronic devices from 312 Tacoma Drive to 1545 Hollywood Lane.

21. It was further part of the conspiracy that the defendant retained a portion of the fraudulently obtained funds and the illegally obtained electronic devices for his personal use.

All in violation of Title 18, United States Code, Section 1349.

A TRUE BILL.

_____<br>FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney