UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19CR00960 AGF |
| HAMMED AKANDE, | ) ) ) | |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT'S OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT
AND NOTICE OF INTENT TO CALL A WITNESS AT SENTENCING HEARNG**

Comes now the United States of America, by Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Tracy Lynn Berry, Assistant United States Attorney for said District, and responds to defendant's objection to the imposition of enhancements pursuant to § 2B1.1(b)(10)(B), § 2B1.1(b)(10) (C), and § 3C1.1, and gives notice of its intention of presenting witnesses at the sentencing hearing. The United States also notes that if, druing the sentencing hearing, Defendant falsely denies, or frivolously contests stipulated facts, the Government may withdraw its agreement to the third additional level for acceptance of responsibility.[1]

---

[1] DCD 42, 7. The parties recommended a three-level reduction for acceptance of responsibility because the defendant did not dispute the factual bases of the disputed enhancements. However, the Government reserved the right to argue against Defendant's receipt of any part of the deduction if he made statements or engaged in conduct that was inconsistent with his eligibility for the deduction.

1

Sophisticated Means Enhancement

The government submits that the probation office correctly recommended the imposition of a two-level enhancement pursuant to §§ 2B1.1(b)(10)(B) and 2B1.1(b)(10)(C) because the offense involved sophisticated means. At the sentencing hearing, the United States will be prepared to prove through the defendant's admissions and evidence it has obtained that a substantial part of the mail fraud and wire fraud conspiracy took place outside the United States, and that the conspiratorial conduct involved repetitive and coordinated conduct among defendant and other participants. United States v. Sigilito, ___F.Supp.2d ___, 2012WL11906810, *12 (E.D. Mo. 2012) (unpublished) (The district court defined "substantial" as "basic" or "essential" when finding that a substantial part of the offense occurred outside the United States); United States v. Ogunbanke, 619 Fed.Appx.586, 588 (9th Cir. 2015) (Because the international feature of the scheme was an essential component of the crime, the two-level enhancement pursuant to § 2B1.1(b)(10)(B) applied); United States v. Osman, 929 F.3d 962, 966 (8th Cir. 2019) (The defendant's use of stolen identities and different addresses when coupled with repetitive, and coordinated conduct supported a finding that the scheme was sophisticated.)

Consequently, the Government submits that it will be able to prove by a preponderance of evidence that the two-level enhancement recommended by the United States Probation Office pursuant to §§2B1.1(b)(10)(B) and (C) is applicable.

Obstruction of Justice

"Section 3C1.1 of the Guidelines… requires proof that the defendant (1) 'willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with

respect to the investigation, prosecution, or sentencing of the instant offense of conviction'; and (2) that 'the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.'" United States v. Beattie, 919 F.3d 1110, 1116 (8th Cir. 2019). The United States anticipates testimony and exhibits during the sentencing hearing will demonstrate that Defendant "willfully and materially impeded *the search for justice in the instant offense*" by providing information about the criminal investigation to an unindicted co-conspirator. United States v. Zagari, 111 F.3d 307, 328 (2d Cir.1997) (emphasis added).

At the time the defendant passed on the unauthorized information obtained by a Postal employee, and friend of his wife, Defendant knew that authorities were investigating the fraudulent scheme. Because Defendant's conduct had the potential of impeding the investigation, the enhancement was appropriately imposed. United States v. Khimchiachvili, 372 F.3d 75, 80 (2d Cir. 1999) (After learning of the criminal investigation, the defendant alerted one of the principal targets that he was being investigated.)

Acceptance of Responsibility

Defendant objected to the imposition of the enhancements without denying the supporting facts. As a result, the United States did not dispute his entitlement to the reduction for acceptance of responsibility pursuant to § 3E1.1. However, if Defendant disputes stipulated facts during the sentencing hearing, the United States may request that this Honorable Court deny the reduction for acceptance of responsibility set forth in paragraphs 36, 47, and 48 of the presentence investigation report. United States v. Davis, 875 F.3d 869, 871, 875 (8th Cir. 2017)

(There was no error in denying Defendant a reduction for acceptance of responsibility when she refuted facts that supported the imposition of disputed enhancements even though she stipulated to those facts in the plea agreement, and during the change of plea colloquy); <u>United States v. Mahone</u>, 688 F.3d 907, 911 (8th Cir. 2012) (Denial of reduction for acceptance of responsibility was appropriate when the defendant admitted in his plea what he needed to have the plea accepted, but then denied facts that were true at sentencing).

If during the sentencing hearing, Defendant falsely denies or frivolously contests relevant conduct this Court determines to be true, the Government may withdraw its recommendation that Defendant receive the additional level for super-acceptance, and request that this Honorable Court deny him the two-level reduction pursuant to § 3E1.1(a).   U.S.S.G. § 3E1.1 Application Note 1(A); <u>United States v. Godfrey</u>, 863 F.3d 1088, 1096 (8th Cir. 2017) (The Appellate Court affirmed denial of the reduction for acceptance of responsibility because defendant engaged in a persistent denial of obviously relevant conduct that was clearly false).

<u>Notice of Intent to Call Witness</u>

The government gives notice of its intention to present the testimony of one witness who will address the issues set forth in this pleading.   Direct testimony of the Government's witness is anticipated to be completed within 45 minutes.

4

Conclusion

Accordingly, the government requests that this Honorable Court permit testimony for the purpose of meeting its burden of proving the appropriateness of the enhancements pursuant to §§ 2B1.1(b)(10), sophisticated means, and 3C1.1, obstruction of justice.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

    s/ Tracy Lynn Berry
        TRACY LYNN BERRY #014753 TN
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri   63102
        (314) 539-2200

### CERTIFICATE OF SERVICE

Copy of the foregoing was forwarded through the Court's electronic case filing system this 9th day of June, 2020, to: Steven Sokolik, Esq.

           s/ Tracy Lynn Berry
        ASSISTANT UNITED STATES ATTORNEY