UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | Cause No. 4:19CR00960 AGF |
| vs. ) | |
| ) | |
| HAMMED AKANDE, ) | |
|     Defendant. ) | |
| ) | |

### DEFENDANT HAMMED AKANDE'S SENTENCING MEMORANDUM

COMES NOW Steven E. Sokolik on behalf of Defendant, Hammed Akande, and respectfully submits the following information for purposes of sentencing mitigation and downward departure/variance pursuant to Rule 32 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3553.

### OPENING COMMENTS

Defendant Hammed Akande is a 30-year-old male, who lives in St. Louis, Missouri. He is now before this Court for sentencing on October 8th, 2020. The Defendant pled guilty to the charge of Conspiracy to Commit Mail Fraud and Wire Fraud, which is a violation of 18 U.S.C. § 1349.

### Plea Agreement

In the plea agreement, the parties agreed that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) and Defendant has notified the Government of his intent to request such a variance in accordance with the provisions of 18 U.S.C. § 3553 or any provisions of rule of law. However the parties acknowledge that this court is not a party to nor bound by the Guidelines recommendations agreed to by the parties in the Plea Agreement.

### Pre-Sentence Report

In the Pre-Sentence Report (PSR), United States Probation Officer calculated a base offense level of 7 pursuant to USSG § 2X1.1(a).  It was further noted that pursuant to USSG § 2B1.1(b)(1)(H), 14 levels were added since the Defendant is accountable for financial loss of more than $550,000.00 but less than 1,500,000.00.  Additionally, pursuant to USSG § 2B1.1(b)(2)(A)iii, 2 levels were added due to substantial financial hardship of one or more victims.  Further, pursuant to USSG § 2B1.1(b)(10)(B) and (C), 2 levels were added due to the offense involving sophisticated means.  The Defendant originally objected to this enhancement but that objection is withdrawn.  Additionally, pursuant to USSG § 3A1.1(b)(2), 2 levels were added due to the fact the Defendant knew or should have known that the victim of the offense was a vulnerable victim.

Furthermore, pursuant to USSG § 3C1.1, 2 levels were added for Obstruction of Justice due to the Defendant willfully obstructing or impeding the administration of justice.  The Defendant objects to this enhancement.  The Defendant does not dispute the facts as stated in the plea agreement, but he does not believe those facts meet the legal basis necessary for an obstruction of justice enhancement,  The facts state that the Defendant learned law enforcement officials were interested in packages that had mailed to the Tacoma residence by fraud victims.  The facts state Defendant relayed this information to his co-conspirators.  However, it was a co-conspirator and not the Defendant who directed a victim of the offense not to cooperate with law enforcement officials.  The Defendant himself never directed any victims to not cooperate with law enforcement and thus Defendant argues that the 2 point enhancement should not be added.

The Defendant has clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 3 levels pursuant to USSG § 3E1.1(a) and § 3E1.1(b), arriving at the Total Offense Level of 26, if the Defendant's objection is denied, and a level 24 if the Defendant's objection is sustained.  The Defendant's total criminal history score is a zero, establishing a criminal history category of I.  If the total offense level is 26, and with a criminal history category of I, the guideline imprisonment range is 63 months to 78 months.  If the total offense level is 24, and with a criminal history category of I, the guideline imprisonment range is 51 months to 63 months.

## SENTENCING CONSIDERATIONS

In considering a sentence the Court must turn to the Section 3553(a) factors.  The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor.  *See* United States v. Jaber, 362 F. Supp. 2d 365,  370-76 (D.Mass.2005).

The mandate of 18 U.S.C. §3553(a) is, for the Court to "*impose a sentence sufficient, but not greater than necessary, to comply*" with the purposes of sentencing set forth in the second paragraph of that same statute. [1]  In United States v. Rita, 551 U.S. 338, at 347-348, the Court summarized the now often-cited sentencing factors listed in §3553(a): the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." *See also* United States v. Hunt , 459 F.3d 1180, 1182 (11th Cir. 2006).

## IMPOSITION OF SENTENCE

**I.     Section 3553(a) Sentencing Factors as Applied to Mr. Akande**

In the case at hand this Court should consider §3553(a) factors, particularly the factors relating to personal history and characteristics of Akande.  After considering these factors the Court will see that a downward variance is justified in this case.

**i.  Section 3553(a)(1): The history and characteristics of the defendant.**

   *a. Defendant's Criminal History*

Mr. Akande has no criminal history on his record.  He merely has a pending traffic ticket case for failure to register a motor vehicle in municipal court.  This lack of any criminal history shows that Mr. Akande is not an individual whom normally is involved in criminal activity.  The current offense is outside the normal behavior of Mr. Akande.  The lack of criminal history shows that Mr. Akande is not someone with a high risk or recidivism.  The Court should consider this in determining the appropriate sentence.

b. *Characteristics of the Defendant*

Courts have found that a downward variance was reasonable when examining a defendant's personal history and characteristics. United States v. Munoz-Nava, 524 F.3d 1137 (10th Cir. 2008). Defendant Hammed Akande was born and raised in Nigeria. He immigrated to the United States in 2015. He took it upon himself to learn the English language which he speaks fluently. Upon arriving in the United States, he quickly earned gainful employment. In March of 2016, he began working for the Coca-Cola Bottling Company and continued to work there up to the time of his detention. It is not easy for an immigrant who is English second language to be gainfully employed but Mr. Akande overcame his situation and did so from the time he arrived until he was detained. Mr. Akande is asking the Court to take this into consideration when determining sentencing

c. *Family Circumstances*

Courts have found that a downward variance was appropriate where the defendant's family circumstances were extraordinary. United States v. Munoz-Nava, 524 F.3d 1137 (10th Cir. 2008), United States v. Lehman, 513 .3d 991 (9th Cir. 2008). Defendant Hammed Akande has a two year old child, Rashid Akande. Prior to detention, Mr. Akande was maintaining consistent contact with his son, and was offering financial and emotional support for the child. Upon release, Mr. Akande intends to see his child and continue to offer financial support to his child. The Defendant asks the Court to take this into consideration when determining an appropriate sentence.

ii. **Section 3553(a)(2): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to provide defendant with needed rehabilitation.**

a. *Need to Protect the Public from Further Crimes*

Courts have found that need to protect society and deter future criminal conduct may be accomplished "not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release." United States v. Grossman, 513 F.3d 592 (6th Cir. 2008).

The PSR has identified numerous special conditions to be placed on Defendant. These include for the Defendant to be required to submit his person, property and residence to search by a United States Probation Officer. As stated in the PSR, this condition would insure compliance with the law and deter future criminal conduct.

## II. The Minimally-Sufficient Sentence in this Case

Booker and 18 U.S.C. §3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. A number of §3553(a) factors have been presented in this memorandum. Courts have held that "a sentencing judge has the discretion to consider a variance under the totality of the §3553(a) factors (rather than one factor in isolation) on the basis of a defendant's fast track argument," and "such a variance would be reasonable in an appropriate case"). United States v. Arrelucea-Zamudio, 581 F.3d 142 (3d Cir. 2009). See also, United States v. Rowan, 530 F.3d 379 (5th Cir. 2008).

Here, it is respectfully submitted that a **sentence of no more than 36 months imprisonment,** is sufficient to achieve the goals of punishment, deterrence and respect for the law.

Justice is certainly served by a sentence of 36 months. This was a large conspiracy. Mr. Akande played a part in the conspiracy but in no way was he the most culpable. Mr. Akande received small amounts of money while his co-conspirators received hundreds of thousands of dollars. A sentence within the guidelines whether the guidelines be 63 to 78 months or 51 to 63 months, would not fit Mr. Akande's role in this conspiracy. Mr. Akande recognizes the seriousness of his offense and the resulting harm; he is not attempting to avoid this reality. The proposed sentence achieves the goals of deterrence, incapacitation, and rehabilitation. Specific deterrence and incapacitation are served by said sentence. General deterrence is amply served by

the proposed sentence as well as by the many collateral consequences this case has had for Mr. Akande, such as a loss of income and potentially the loss of legal status in the United States.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case.

### III.  Conclusion

Based on the above, the Defendant respectfully requests that this Court impose a downward variance from the Sentencing Guideline range.  A proper and just sentence in this case would be a **sentence of no more than 36 months imprisonment,** and it would be sufficient to achieve the goals of punishment, deterrence and respect for the law.  Based on the totality of 3553(a) factors this is a fair and just sentence.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

Respectfully submitted,

Steven Sokolik

  /s/ *Steven E. Sokolik*
Steven Sokolik, No. 46134MO
7700 Bonhomme Avenue, Suite 350
Clayton, Missouri 63105
Telephone: (314) 795-3479
Facsimile: (314) 727-8529
*Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 25, 2020, the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all parties.

                                              /s/ *Steven E. Sokolik*
                                              Steven E. Sokolik No. 46134MO